REC'D OCT 3 1 2025

**Fawziah Oudou**

813 N Broad Street, Unit 103
Philadelphia, PA 19123
Phone: (223) 800-8520
Email: Fawziah0111@gmail.com

**Plaintiff, Pro Se**

v.

**United Parcel Service, Inc.**

c/o CT Corporation System, Registered Agent
600 N 2nd Street, Suite 401
Harrisburg, PA 17101

**Defendant.**

---

# Civil Action No. _____

# COMPLAINT

---

## 1. Jurisdiction and Venue

This action arises under the **Uniformed Services Employment and Reemployment Rights Act (USERRA)**, 38 U.S.C. § 4301 et seq., and related Pennsylvania common-law claims of **Negligence** and **Negligent Infliction of Emotional Distress**.
Jurisdiction is proper under **28 U.S.C. §§ 1331** (federal question) and **1367** (supplemental jurisdiction).
Venue is proper in this District under **28 U.S.C. § 1391(b)** because the Defendant conducts business in Philadelphia County and the events giving rise to this action occurred in Pennsylvania.

## 2. Parties

- **Plaintiff,** *Fawziah Oudou*, is a 20-year-old resident of Philadelphia, Pennsylvania, and a current member of the **Pennsylvania Army National Guard.**

- **Defendant,** *United Parcel Service, Inc. ("UPS"),* is a multinational package delivery and supply chain management corporation that employs individuals throughout Pennsylvania.

## 3. Facts

1. Plaintiff was **hired by UPS in March 2023** to work as a Material Handler at the Middletown, Pennsylvania facility.

2. On or about **May 30, 2023,** Plaintiff and a co-worker, Emily, were placed on the **promotion list** for Supervisor.

3. Before leaving for **military training (AIT),** Plaintiff **informed her full-time supervisor** and several co-workers that she would be leaving for military service. Plaintiff explained that she **did not yet have her military orders in hand,** but she would provide them as soon as she received them.

   a. Plaintiff's full-time supervisor told her **he did not need any documents at that time.**

   b. Plaintiff nevertheless gave him her **contact information and the contact information of her battle buddy (BSF),** and he **wrote both names and numbers on his clipboard,** assuring her that he would "get it done."

4. Despite this clear notice, UPS later **terminated Plaintiff's employment while she was away on military duty,** causing her to lose her place on the promotion list.

5. When Plaintiff returned and contacted UPS, she was told she needed to **reapply** instead of being reinstated under her prior status, which **violated USERRA's reemployment protections.**

6. Before leaving, Plaintiff was earning **$23 per hour,** and during her absence, all employees in her position received a raise to **$25.75 per hour.** However, when she returned, UPS **reduced her pay to $21 per hour,** making her start over as if she were a

new employee and **stripping away her seniority, raise, and promotion eligibility.**

7. When Plaintiff learned she could not be promoted and realized everything was going wrong at work despite her efforts, she suffered a **mental health crisis and suicide attempt.** She was later **hospitalized in November 2023** for severe depression.

8. At least one UPS employee was aware of her hospitalization because **Plaintiff provided a hospital note explaining her absence** and the date she was cleared to return to work. Plaintiff **returned immediately after being cleared**, showing her continued effort to remain employed despite her emotional and physical struggles.

9. In **December 2023,** Plaintiff spoke with the **union steward** to request correction of her seniority and pay rate to $25.75/hour — but **UPS still failed to take any action**, and her situation **continued to worsen,** causing lasting emotional and financial distress.

10. Plaintiff incurred **over $600 in medical debt** from the hospitalization.

11. Plaintiff's distress and hospitalization were reasonably foreseeable consequences of UPS's negligent handling of her reemployment and disregard for her USERRA rights.

---

## 4. Causes of Action

### Count I – Violation of USERRA (38 U.S.C. § 4312 et seq.)

UPS failed to properly reinstate Plaintiff with her prior seniority, pay rate, and promotion eligibility following her return from military training, in violation of federal law protecting service members' reemployment rights.

### Count II – Negligence

UPS had a duty to handle Plaintiff's reemployment properly and in compliance with military protection laws. By failing to maintain her seniority, pay, and communication about her promotion, UPS breached that duty, directly causing Plaintiff economic loss and emotional harm.

### Count III – Negligent Infliction of Emotional Distress

UPS's repeated inaction, disregard of documentation, and refusal to correct their error foreseeably caused Plaintiff to suffer severe emotional distress, self-harm, and hospitalization.

The resulting medical treatment and costs were directly linked to UPS's negligence and lack of care.

---

## 5. Damages

As a result of Defendant's actions, Plaintiff suffered:

- Lost wages and seniority: approximately **$1,175.36** (per Department of Labor calculation)

- Lost promotion and wage advancement: approximately **$4,000–$5,000+**

- Emotional distress, pain, suffering, and mental anguish leading to hospitalization

- Medical debt totaling **$600+**

- Ongoing anxiety, depression, and hardship due to lost career progression

**Plaintiff demands judgment in the amount of $25,000** to compensate for all economic and non-economic damages.

---

## 6. Relief Requested

Plaintiff respectfully requests the Court:

1. Enter judgment against UPS in the amount of **$25,000**;

2. Award costs, interest, and any further relief deemed just and proper.

---

**Respectfully submitted,**

**/s/ Fawziah Oudou**
Fawziah Oudou
813 N Broad Street, Unit 103
Philadelphia, PA 19123